# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01501-JVS-JDE | Date | September 16, 2024 |
|---|---|---|---|

| Title | Moch v. N and D Restaurants, LLC et al. |
|---|---|

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] Order Regarding Motion to Remand [14]**

Plaintiff Halina A. Moch ("Moch") brought claims of negligence and intentional infliction of emotional distress against various defendants: N and D Restaurants ("N and D") (erroneously sued as GMRI, Inc., a Florida corporation dba Olive Garden Italian Restaurant; Olive Garden Holdings, LLC, a Florida LLC); Olive Garden LLC, a California limited liability company; Darden Restaurants, Inc., a Florida corporation; Olive Garden Italian Restaurant – Brea, an entity of unknown form, and Does 1 to 100. (Notice of Removal, Dkt. No. 1, Ex. A.)  N and D Restaurants, responded to the complaint and alleged that the above defendant's were "erroneously sued."  (Mot. to Remand, Dkt. No. 14.)  N and D filed a notice of removal on July 5, 2024. (Notice of Removal, Dkt. No. 5.)

In response, Moch filed a motion to remand on August 6, 2024, challenging the timing of removal and subject matter jurisdiction.  (Mot. at 8–9.)  N and D filed an opposition.  (Opp'n, Dkt. No. 16.)  Moch filed a reply.  (Reply, Dkt. No. 17.)  The parties appeared for oral argument on September 16, 2024.  This Order reflects the Court's final decision on the instant motion.  For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

Moch's claims arise from a slip and fall incident that occurred on February 9, 2020.  (Opp'n at 2.)  Plaintiff alleges that Moch, an eighty-one year old woman, "violently slipped" on a walkway outside an Olive Garden in Brea, California.  (Mot. at 9.)  As a result of the fall, Plaintiff alleges that she "broke her hip and banged her head

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01501-JVS-JDE | Date | September 16, 2024 |
|---|---|---|---|

| Title | Moch v. N and D Restaurants, LLC et al. |
|---|---|

on the Olive Garden's metal bench." (Id.)  Additionally, Moch alleges that following the fall, Defendants engaged in "reckless and despicable 'defense damage control,'" causing additional emotional distress.  (Id. at 9–10.)  Specifically, Plaintiff alleges that when Moch was being taken away in an ambulance, the Olive Garden Manager offered a "token meal" to settle the dispute.  (Id. at 10.)  Plaintiff also alleges that while in the hospital, Defendants "callously interfere[d] with Moch" in an attempt to "extract concessions as to fault."  (Id.)

Plaintiff filed a complaint in the Superior Court of California, County of Orange on February 8, 2022.  (Id.)  The complaint identified several Defendants, including: GMRI, Inc., a Florida corporation dba Olive Garden Italian Restaurant; Olive Garden Holdings, LLC, a Florida LLC; Olive Garden LLC, a California limited liability company; Darden Restaurants, Inc., a Florida corporation; Olive Garden Italian Restaurant – Brea, an entity of unknown form, and Defendant Doe 1.  (Id. at 11.)  When the time came for mandatory settlement conference, none of the served defendant's appeared.  (Id.)  Rather, N and D Restaurants, LLC appeared and, without clarification, asserted that the other served defendants were "erroneously sued."  (Id.)  As of September 1, 2024—over two years after the initial filing—Plaintiff still has not been given information on the identity of Doe Defendant 1.  (Id.)

In May, 2024, N and D's demurrer to Moch's intentional infliction of emotional distress was granted by the State Court and Moch's request for punitive damages was struck.  (Id. at 11, n.3.)  According to Plaintiff, the State Court signaled that it would be open to revisiting the issue if the complaint was amended.  (Id.)  However, on July 5, 2024, N and D filed a notice of removal in this Court.[1]  (Id. at 12.)  Moch filed a motion to remand on August 6, 2024, challenging the timing of removal and subject matter jurisdiction.  (Id.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action

---

[1] Moch briefly mentions that N and D failed to attach exhibits to its Notice of Removal until July 26, 2024.  Based on this Court's record, N and D filed its Notice of Removal with all attached exhibits at 2:50 PM PDT on July 5, 2024.  (Notice of Removal, Dkt. No. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-01501-JVS-JDE                    Date    September 16, 2024

Title    Moch v. N and D Restaurants, LLC et al.

is removed. <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)). Doubts as to removability should be resolved in favor of remanding the case to the state court. <u>Id.</u> This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'" <u>Id.</u> (quoting <u>Gaus</u>, 980 F.2d at 566).

Generally, a defendant must remove an eligible civil action within thirty days of receiving service of the complaint. 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); <u>see also</u> <u>Maniar v. FDIC</u>, 979 F.2d 782, 786 (9th Cir. 1992). "The [thirty-day] statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." <u>Friedenberg v. Lane Cnty.</u>, 68 F.4th 1113, 1121 (9th Cir. 2023) (quoting <u>Smith v. Mylan Inc.</u>, 761 F.3d 1042, 1045 (9th Cir. 2014). Thus, "[a]lthough the time limit [to remove a case] is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect . . . by sitting on his rights." <u>Id.</u>

### III. DISCUSSION

As a threshold matter, Plaintiff has two bases for arguing that remand is warranted.[2] First, Plaintiff asserts that Defendant's removal is untimely, both under 28

---

[2] Plaintiff appears to also make a brief third argument under the "no local defendant" limitation in diversity cases, whereby a defendant cannot remove if they are a citizen of the state in which the action is brought. (<u>See</u> <u>Mot.</u> at 14 (citing 28 U.S.C. § 1441(b)(2)).) Such argument, however, is misplaced here where N and D Restaurants, LLC is the party removing and has no members in California. (<u>See</u> Dkt. No. 1, Ex. J.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | 8:24-cv-01501-JVS-JDE | Date   September 16, 2024 |

| | |
|---|---|
| Title | Moch v. N and D Restaurants, LLC et al. |

U.S.C. § 1446(b)(1)'s thirty-day requirement and § 1446(c)'s one-year limit.  (See Opp'n at 16.)  Second, Plaintiff argues that this Court does not have subject matter jurisdiction because of Defendant Olive Garden, LLC and Defendant Doe 1.  The Court takes each argument in turn.  For the following reasons, the Court finds that the motion to remand is untimely, but the Court **GRANTS** the motion to remand for lack of subject matter jurisdiction concerning the Doe Defendant.

    *A.    Plaintiff's Motion to Remand is Untimely*

    A court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand.  28 U.S.C. § 1447(c) ("A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a)."); Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).  The Ninth Circuit has held that a claimed defect for the timeliness of removal is a procedural defect in nature, not jurisdictional.  Id. at 1045 (holding that § 1446(b)'s one-year time limitation for removal of diversity cases is procedural just like the thirty-day statutory limit for removal).  Therefore, "a district court lacks authority to remand based on the defendant's [untimely removal] absent a timely filed motion to remand."  Id.

    Because timing is a procedural defect, Plaintiff was required to file her motion to remand within 30 days.  See 28 U.S.C. § 1447(c); In re Edward Jones Holders Litig., 453 F. Supp. 2d 1210, 1213 (C.D. Cal. 2006) (holding that the time limit is not extended if the defendant mails the notice to plaintiff).  "The 30-day period runs from the date that the notice of removal is filed, not from when the plaintiff is served with notice."  Id. at 1214 (citing 16 Moore's Federal Practice § 107.41[1][d]).

    Defendant filed its Notice of Removal on July 5, 2024.  (See Opp'n at 4; Notice of Removal, Dkt. No. 5.)  Therefore, Plaintiff was required to file a motion to remand on August 5, 2024.[3]  However, according to the Court's records, Plaintiff filed her motion on August 6, 2024.  (Mot. to Remand, Dkt. No. 14) (filed at 00:06 AM PDT on August 6, 2024.)  Pursuant to Federal Rule of Civil Procedure 6(a)(4), the last day ends at

---

[3] Because July has 31 days, the removal motion was due Sunday August 4, 2024.  However, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), if the last day is a Saturday, Sunday, or legal holiday, the period runs until the next day that is not a Saturday, Sunday, or legal holiday.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01501-JVS-JDE | Date | September 16, 2024 |
|---|---|---|---|

| Title | Moch v. N and D Restaurants, LLC et al. |
|---|---|

midnight in the court's time zone. Accordingly, because Plaintiff's Motion to Remand was untimely, the Court has no authority to remand on any procedural grounds, including any alleged untimeliness of Defendant's removal.

    *B.*    *The Court Lacks Subject Matter Jurisdiction*

    1.    Doe Defendant

Prior to 1988, Doe defendants commonly defeated diversity jurisdiction. See Bryant v. Ford Motor Co. (Bryant III), 886 F.2d 1526, 1527 (9th Cir. 1989); see Gardiner Family, LLC v. Crimson Resource Mgmt. Corp., 147 F. Supp. 3d 1029, 1033 (E.D. Cal. 2015) ("In *Bryant II*, the [Ninth Circuit] held that the mere presence of Doe defendants destroys diversity jurisdiction."). During this regime, plaintiffs were able to strategically name Doe defendants to manipulate keeping their case in state court. Gardiner Family, 147 F. Supp. 3d at 1033. In response, Congress amended § 1441 to add the language: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Id. (noting that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction"); 28 U.S.C. 1441(b)(1).

Following the amendment to § 1441, the Ninth Circuit vacated its earlier ruling in Bryant II, thereby reinstating a myriad of exceptions to the general rule that doe defendants do not defeat diversity. Gardiner Family, 147 F. Supp. 3d at 1033. One such exception allows a Doe defendant to defeat diversity when the "allegations that concern the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship . . . ." Robinson v. Lowe's Home Centers, LLC, No. 1:15-CV-1321-LJO-SMS, 2015 WL 12326883, at *3 (E.D. Cal. Nov. 13, 2015); Farrell by and Through Trustee of Farrell Living Trust v. JP Morgan Bank, N.A., No. 4:20-CV-03709 YGR, 2020 WL 6318717, at *4 (N.D. Cal. Oct. 28, 2020); Fisher v. Direct TV, Inc., No. CV-13-68-M-DWM-JCL, 2013 WL 2152668, at *4 (D. Mont. May 16, 2013); Gardiner Family, 147 F. Supp. 3d at 1033–34. Conversely, where "the charges against the Does are so general that no clues exist as to their identity, citizenship, or relationship to the action, the Court may disregard these fictitious defendants for jurisdictional purposes." Gardiner Family, 147 F. Supp. 3d at 1036.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-01501-JVS-JDE                          Date    September 16, 2024

Title    Moch v. N and D Restaurants, LLC et al.

In Gardiner Family, the court was tasked with determining whether diversity was destroyed by 50 Doe defendants who went by "wholly fictitious" names. Id. In the complaint, Plaintiff merely alleged that the Doe defendants were "responsible in some manner for the occurrences herein alleged," and acted as defendant's "agent, alter ego, conspirator, and aidor and abettor." See Gardiner Family, 15-cv-721, Dkt. 1 at ¶ ¶ 1–7. Notably, the complaint gave "no reasonable indication as to the Doe defendants' relationship to the action." Id. Moreover, the complaint failed to include "details about their possible identity of citizenship," as well as "any other information from which the Court could glean this information." Id. Therefore, the court concluded that the charges were so general that the fictitious defendants could be discarded. Id.; see also Robinson, 2015 WL 13236883, at * 4 (holding the same where plaintiff's complaint provided "no information . . . other than indicating [that Does were] 'agents and employees of [Defendant] and acted within the scope of the agency.'")

Unlike in Gardiner Family, Plaintiff alleges that Doe 1 is a "female that on February 9, 2020 identified herself as the on-site Manager in [c]harge of the Brea, California Olive Garden." (Compl., Dkt. No. 1, Ex. A at 6.) While Plaintiff does not allege a specific name for this Doe, enough information is provided to gather an identity beyond merely "checking a box and naming a Doe defendant." See Robinson, 2015 WL 13236883, at *4. Thus, Plaintiff has provided a reasonable identity for this Court to ascertain a general idea as to identity of Doe 1.

Additionally, Plaintiff alleges in the complaint that "Doe 1 resides near the Brea restaurant and at all times relevant was, and is, a resident of the State of California." This allegation is far more concrete than the claims of citizenship in both Gardiner Family and Robinson, expressly describing not just the State, but the county and approximate location where Doe resides. See Robinson, 2015 WL 13236883, at *4 (stating in dicta that "[t]he analysis would be different if, for instance, Plaintiff had alleged that the Doe Defendants were California citizens, or provided some information about their involvement in the case"). Thus, Plaintiff has articulated enough to show a specific citizenship of Defendant Doe 1.

Finally, Plaintiff alleges that "Defendants, and each or [sic] them, as owners of the restaurant, or through its agents or employees, owed a duty of care to construct the pathway to the restaurant's entrance – and eventually its cash register – in a manner so as not to create a hazard." (Compl. at 9–10.) Moreover, "[t]hey also owed a duty to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01501-JVS-JDE | Date | September 16, 2024 |
|---|---|---|---|

| Title | Moch v. N and D Restaurants, LLC et al. |
|---|---|

maintain the pathway in a reasonably safe condition and a duty not to engage in conduct causing additional emotional pain to an injured guest." (Id. at 10.) Further, Plaintiff alleges in the complaint that a "Manager outrageously offered [Plaintiff] a certificate in the amount of Fifty Dollars." (Compl. at 7, 11.) These allegations contained in the negligence cause of against "against all Defendants, including Does 1 - 25," (see Compl. at 9,) provide enough specificity to avoid being "so general that *no clues exist as to their . . . relationship to the action*." See Gardiner Family, 147 F. Supp. 3d at 1036 (emphasis added).

Here, Plaintiff is plainly alleging that the Manager at the Brea Olive Garden breached a duty to Plaintiff to ensure the walkway was safe, and caused emotional distress in her subsequent encounter with Plaintiff. See Incopero v. Farmers Ins. Exchange, 113 F.R.D. 28, 31 (N.D. Cal. Sept. 8, 1986) (finding that allegations of Doe defendants who acted as "agents and employees" still gave a "reasonable indication" as to their identity and relationship such that the presence of Doe defendants destroyed diversity); Fisher v. Direct TV, Inc., No. CV 13-68-M-DWM-JCL, 2013 WL 2152668, at *5 (D. Mont. May 16, 2013) (holding the same where "Doe defendants are reasonably identifiable as . . . employees who are citizens of Montana"). Thus, Plaintiff has provided enough specificity to show the relationship between Doe 1 and the claim.

Therefore, because Plaintiff described the identity, relationship, and citizenship of Doe 1, Doe 1 should be considered when assessing jurisdiction. Accordingly, the Court finds that Defendant has not met its burden to show that diversity does not exist when considering Doe 1. Defendant Doe 1 is properly alleged to be a California citizen and Plaintiff is properly identified as a California citizen. Thus, diversity jurisdiction cannot exist under 28 U.S.C. § 1332. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (holding that "complete diversity of citizenship" requires that "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

2.    "Erroneously Sued" Defendants

Defendant argues that there is "no dispute that diversity citizenship exists between Plaintiff and the only properly named Defendant, N AND D RESTAURANTS, LLC dba

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-01501-JVS-JDE                      Date    September 16, 2024

Title    Moch v. N and D Restaurants, LLC et al.

OLIVE GARDEN."  (Opp'n at 6.)  Such as that may or may not be,[4] the Court need not reach a conclusion about whether the other named Defendants defeat diversity.  Plaintiff properly included Doe 1 as a named Defendant in the original complaint filed in state court, with enough specificity to defeat diversity jurisdiction.  (See Compl. at 6.) Because Doe 1 and Plaintiff share a common state of citizenship, California, diversity is defeated.

Accordingly, the Court concludes that N and D has not met its burden to show that this action can be removed on the basis of 28 U.S.C. § 1332, because it has not shown that complete diversity of citizenship exists.

C.    *Attorney's Fees*

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has rejected the idea that Section 1447(c) either provides an automatic right to attorney's fees upon remand, or creates a presumption on favor of awarding attorney's fees upon remand. Martin v. Franklin Capital Corp., 546 U.S. 132, 138–39 (2005).  Rather, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141 (internal citation omitted); Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co., 844 F.3d 1133 (9th Cir. 2017).

This case initially appears unusual.  N and D was not a named defendant, but rather enigmatically appeared and claimed to be the only correct defendant.  Yet, N and

---

[4] Plaintiff plainly disputes this assertion by Defendant that N&D Restaurants is the only "properly named defendant."  (See Mot. at 14.)  Indeed, to this point, neither party provided the Court with a sufficient description of any of the "erroneously sued" Defendants to determine whether they are real parties of interest.  See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of 'nominal or formal parties who have no interest in the action.").  Both parties rely on blanket generalizations that they informed the other party of the correct, or incorrect, party, without taking a moment to identify who each Defendant is and why they should, or should not, be included in the lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-01501-JVS-JDE                    Date   September 16, 2024

Title   Moch v. N and D Restaurants, LLC et al.

D provided no explanation to the Court for why that may be.[5]  (See Opp'n at 9) (stating *ad nauseam* that named defendants were "erroneous" or "incorrect" or that Defendant has "answered and identified that it is the proper entity" without ever indicating why that may be.)

Notwithstanding the ambiguity of Defendant N and D, attorney's fees are not appropriate.  Defendant sought removal in this case on the basis that it was the "only Defendant." (Opp'n at 9.)  On these grounds, Defendant accurately asserted that Plaintiff did not dispute that Defendant N and D is diverse from Plaintiff.  (See id.)  Additionally, Plaintiff alleged medical billing "in excess of $170,000," which "far exceeds any requisite issue of $75,000.00 in controversy." (Mot. at 17.)  Therefore, Defendant had an objectively reasonable basis for seeking removal believing it to be the only true defendant.  Accordingly the court declines to award attorneys fees to Plaintiff.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

---

[5] Defendant's only claim of substance on this point is that the "erroneously sued entities have no relevant relationship to Defendant or the subject location where the alleged incident occurred." (Opp'n at 6.)  However, this blanket generalization is dubious given Plaintiff named Defendant Doe 1, who is alleged to be the Manager at the time of the accident.